UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 19 CR 733 |
| v. ) | |
| ) | Chief Judge Rebecca R. Pallmeyer |
| ERICK BUSTAMANTE, ) | |
| RICK OWEN, and ) | |
| JERY BARTON ) | |

**UNITED STATES' SECOND MOTION FOR AN EXTENSION OF TIME
TO RETURN INDICTMENT**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 63-day extension of time, until and including February 6, 2019, in which to seek the return of an indictment against the defendants. In support of this motion, the government states as follows:

1. On September 19, 2019, DEA agents arrested defendant ERICK BUSTAMANTE in connection with an ongoing money-laundering conspiracy.

2. On September 20, 2019, United States Magistrate Judge Jeffrey Gilbert signed a complaint charging defendants ERICK BUSTAMANTE, RICK OWEN, and JERY BARTON with a violation of 18 U.S.C. § 1956(h). The complaint alleges that beginning in or about August 2017, and continuing until at least in or about May 2019, defendants conspired to knowingly conduct and attempt to conduct financial transactions which involved the proceeds of specified unlawful activity, specifically narcotics trafficking, knowing that the transactions were designed to conceal and

disguise the nature, location, source, ownership, and control of the proceeds, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

3. On or about September 22, 2019, defendant OWEN was arrested pursuant to an arrest warrant. On September 23, 2019, defendant OWEN appeared before United States Magistrate Judge Allison Claire in the United States District Court for the Eastern District of California and was ordered released on bond.

4. On October 2, 2019, agents arrested defendant BARTON pursuant to an arrest warrant. That same day, defendant BARTON appeared before United States Magistrate Judge James R. Knepp, II in the United States District Court for the Northern District of Ohio. Defendant BARTON was ordered released on bond.

5. On October 15, 2019, the Court granted the government's first motion to extend time to indict, to and including December 5, 2019. Dkt. No. 16.

6. On October 24, 2019, all defendants appeared before U.S. Magistrate Judge Maria Valdez for an initial appearance in this district. Defendants Owen and Barton were released on bond, Dkt. Nos. 28, 34. Defendant Bustamante waived his right to a bond hearing, without prejudice. Dkt. No. 24.

7. U.S. Magistrate Judge Valdez conducted a preliminary hearing in two parts, as to defendants Owen and Barton, on November 7 and 14, 2019. Dkt. Nos. 41, 42, 44, 45. Defendant Bustamante waived his right to a preliminary hearing. Dkt. No. 43.

8.      For the reasons stated in the Attachment hereto, which the government respectfully requests be placed under seal,[1] the government seeks a second extension of time to indict. The government has previously requested one extension.

9.      The government currently estimates that one 63-day extension of time from the current expiration date of December 5, 2019, up to and including February 6, 2020, will be sufficient time within which to return an indictment in this matter.

10.     The Speedy Trial Act requires the filing of an indictment or information within 30 days of the defendant's arrest. 18 U.S.C. § 3161(b). Time may be excluded from the computation of this thirty-day period if a judge grants a motion for a continuance made by the government upon finding that the ends of justice served by granting the continuance outweigh the best interest of the defendant and public in a speedy trial. *Id.* § 3161(h)(7)(A); *see also United States v. Adams*, 625 F.3d 371, 378–79 (7th Cir. 2010). Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(7)(B)(i)–(iv), which provide in relevant part:

> Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> Whether the case is so unusual or so complex, due to the number of defendants, [or] the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

---

[1] The government requests that the Attachment be sealed so as not to compromise its ongoing investigation and to avoid revealing matters occurring before the Grand Jury.

> Whether, in case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government continuity of counsel or would deny the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

11. The government submits that a 63-day continuance is warranted in this case pursuant to the foregoing provisions, specifically, that provision which allows for such a continuance where the government needs reasonable additional time to prepare effectively for the return of an indictment, taking into account the exercise of due diligence. As described in more detail in the sealed attachment to this motion, the evidence in this case is voluminous, the facts are complex, and more time is required for the grand jury to receive all the evidence before considering charges.

12. The government has made available early discovery in this matter to all defendants.

13. The government asked counsel for defendants if they object to the government's request. All counsel indicated that they do not oppose this motion.

WHEREFORE, the United States respectfully requests a 63-day extension of time, from December 5, 2019 through and including February 6, 2020, in which to seek an indictment in this case.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

DATED: November 27, 2019    By:    */s/ Matthew J. McCrobie*
MATTHEW J. McCROBIE
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-5356
matthew.mccrobie2@usdoj.gov