IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 19-cr-733 and |
| | ) | Case No. 20-cv-1792 |
| v. | ) | Judge Edmond E. Chang, assigned |
| | ) | Judge Robert M. Dow, Jr., emergency |
| ERICK BUSTAMANTE. | ) | |

## ORDER

For the reasons stated below, Defendant's motion for temporary release due to COVID-19 [86] is denied without prejudice.

## STATEMENT

This is one of more than a dozen motions for release that have been filed in this district since the outbreak of COVID-19 in northern Illinois. The basic circumstances—the number of confirmed cases and deaths in Illinois, Cook County, and Chicago, the confirmation that a few staff members at the MCC have tested positive for COVID-19, the absence of any reported cases in the facilities housing detainees in our district—are well known and updated daily. It also is accepted that conditions of confinement in jail and prison facilities create special risks to those who live and work in those facilities. This is a source of great concern to the officials who run those facilities, to judges and lawyers monitoring them, and most of all to the detainees residing within them and their families and friends.

In regard to the instant motion [86], however, very little is provided about the Defendant who seeks release. The motion does not even tell the Court the name of the facility in which Defendant is currently housed.[1] That information is helpful in assessing whether any relief might be warranted. At present, the Court is not aware of any confirmed cases among the inmate and detainee population at MCC or any of the other facilities where detainees are housed in the entire district. But if there were known (or even suspected) cases, where those cases were found (which facility, which wing, which floor, etc.) would be useful information. So that is one key omission from the current motion.

The motion also is sparse on any particular reason that this Defendant should be released. Based on the October 23, 2019 report by Pre-Trial Services [23], the Court has gleaned that Defendant is 37 years old, has spent a lot of time in California, has family in California and Texas, and his girlfriend (with whom he proposed to live if released) is in North Hollywood, California. He has few, if any, ties to northern Illinois. In regard to his health, Defendant reported at that time that "he suffers from hypertension and anxiety but is not taking any medications currently." It appears from the docket as a whole that Defendant did not request a

---

[1] A search of the Federal Bureau of Prisons' website reveals that Defendant is housed at the MCC in Chicago. See https://www.bop.gov/inmateloc/

bond hearing and has been in custody since arriving from California in October. According to the instant motion, Defendant "was diagnosed with a Heart Arrhythmia which he is still taking medication to treat." Assuming that statement is accurate—notwithstanding Defendant's failure to mention it a few months ago to the Pre-Trial Services officer—that would be a factor that would complicate Defendant's ability to fight COVID-19 if he were to contract it. But the motion is silent on any plan for Defendant's release if it were to be ordered. Based on what the Court has picked up from the documents of record, there is no potential third-party custodian nor anywhere else for Defendant to live, within 1,000 miles of Chicago.

All of this means that Defendant and counsel have a lot of preliminary work to do before they will be in position to advance a complete motion for release: (1) what are the conditions at MCC, including in the area of the facility where Defendant is housed; (2) what support does he have for the medical condition he claims (records, prescriptions, etc.); (3) what is his plan for living arrangements if he were to be released? Rather than trying to assemble all of the pertinent players for a telephone hearing, the Court has determined that the quickest way to disseminate the reasons for denying the motion without prejudice is to issuing this written order as expeditiously as possible.

Dated: April 2, 2020

_____
Robert M. Dow, Jr.
United States District Judge